NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1716
_____

WEI YE,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of a Decision
and Order of the Board of Immigration Appeals
(BIA-1 No. A 208-485-383)
Immigration Judge:  Mirlande Tadal
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 26, 2017

BEFORE:  GREENAWAY, JR., COWEN, Circuit Judges
and PADOVA, District Judge*

(Filed:  December 15, 2017)
_____

OPINION**
_____

_____
* The Honorable John R. Padova, Senior United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Wei Ye petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which, in turn, dismissed his appeal from the order of the Immigration Judge ("IJ") denying his application for asylum and withholding of removal. We will deny the petition.

## I.

Ye, a native and citizen of the People's Republic of China, entered the United States without a valid entry document. Conceding removability, he applied, inter alia, for asylum and withholding of removal. Ye claimed that he suffered past persecution—and feared persecution in the future—on account of religion.

The IJ denied relief. Adopting the IJ's decision and upholding her determination that Ye had not met his burden of proof for asylum and withholding of removal, the BIA dismissed his administrative appeal: "Even though the respondent described being detained for 7 days and also 'kicked and slapped,' we agree with the [IJ] that this mistreatment does not constitute past persecution within the meaning of the [Immigration and Nationality] Act ([AR45-AR46, AR94-AR96, AR111-AR112])." (AR3 (citing Kibinda v. Attorney General, 477 F.3d 113, 119-20 (3d Cir. 2007)).) Furthermore, the BIA explained that "[w]e agree with the [IJ] that the respondent has not met his burden to demonstrate a well-founded fear of persecution based on his having attended an underground church in China ([AR49-AR50])." (AR4.)

## II.

An asylum applicant must show an inability or unwillingness to return to the

country to which he or she will be removed because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.[1] See, e.g., Garcia v. Attorney General, 665 F.3d 496, 503 (3d Cir. 2011).

According to Ye, the BIA erred by finding that he had not suffered persecution in the past. Noting that he was detained, interrogated, and beaten for seven days simply for attending a church, he contends that "[t]his is an Extreme punishment for simply following one own religious beliefs." (Petitioner's Brief at 10.) However, it is well established that "the concept of persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993). The agency did not commit reversible error by finding that, "while the mistreatment the respondent claims he suffered is regrettable and repugnant, it does not qualify as 'extreme' and does not rise to the level of persecution." (AR3.) As the BIA noted, this Court determined in Kibinda that detention over the period of five days, during which time the petitioner was hit in the head by an object requiring seven stitches, did not rise to the level of persecution. Kibinda, 477 F.3d at

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). Because the BIA adopted the decision of the IJ, we review both rulings. See, e.g., Hanif v. Attorney General, 694 F.3d 479, 483 (3d Cir. 2012); Voci v. Gonzales, 409 F.3d 607, 612-13 (3d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, and, under this deferential standard, we "can only reverse the [agency's] decision if 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Valdiviezo-Galdamez v. Attorney General, 663 F.3d 582, 590 (3d Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

3

117, 119-20. Unlike Kibinda, Ye did not require medical treatment for his bruises.[2]

We likewise determine the agency properly rejected Ye's claim of a well-founded fear of persecution in the future. According to Ye, the IJ and the BIA ignored evidence weighing in his favor. But, as the BIA recognized, "[t]he [Petitioner] testified about a September 2015 incident where he went to a meeting where underground church members were arrested, and he was able to escape ([AR50, AR97-AR98, AR115-AR117])." (AR4.) The BIA acknowledged his testimony that the police came to the house looking for him immediately after this incident (and the IJ further noted that Ye testified that the police told him after his prior detention that "he would suffer severe punishment" (AR42) if he were arrested again, that his wife likewise said that the police came to their home to arrest him, and that his friend Chen Jie, who introduced him to Catholicism, "was arrested and sentenced by the authorities in China" (AR43)).[3] In turn, the BIA and the IJ observed that Ye stayed in China for several months after the

---

[2] Ye attempts to distinguish Kibinda on the grounds that "[t]he court was even unsure in this case if the item thrown was even intended for Kibinda" and the IJ "did not find Kibinda was persecuted because of Kibinda's record of promotion and that he was trusted and valued by the army." (Petitioner's Brief at 8.) However, the agency disposed of Ye's claim of past persecution because his mistreatment was not sufficiently severe to rise to the level of persecution—and not because it determined that he failed to establish that this mistreatment occurred on account of religion or some other protected ground. Kibinda, 477 F.3d at 119-20. In turn, Kibinda considered this "protected ground" issue after ruling against the petitioner on the issue of severity. See id. at 120 ("Furthermore, even assuming that the injury was severe enough to constitute persecution, Kibinda has failed to establish that this maltreatment was on account of a statutorily protected ground.").

[3] The IJ also recognized that, "[a]s the Court admitted the Religious Freedom Report as part of the record, Exhibit 6, it is undisputed that there are reports that the government physically abused, detained, arrest[ed,] and harassed individuals who participate in both registered and unregistered religious group[s] for activities related to their religious belief[s] and practices." (AR47.)

4

September 2015 incident without harm and did not present evidence that the police continued to look for him. In fact, "[h]e was able to leave China with his own passport without any difficulty ([AR50, AR119])." (AR4.) While Ye calls into question this reasoning (asserting, inter alia, that the fact he remained in hiding for several months does not mean he lacked a well-founded fear of persecution and that his ability to leave the country with his own passport is irrelevant), we must uphold the agency's findings because this is not a case where "any reasonable adjudicator would be compelled to conclude to the contrary," Valdiviezo-Galdamez v. Attorney General, 663 F.3d 582, 590 (3d Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Because the agency appropriately disposed of Ye's asylum application, it did not commit reversible error by rejecting his claim for withholding of removal. See, e.g., Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004) (stating that petitioner who fails to establish well-founded fear of persecution for purposes of asylum claim will necessarily fail to establish right to withholding of removal).

III.

For the foregoing reasons, we will deny Ye's petition for review.